**DINSMORE & SHOHL LLP**
RACHEL L. McCLINTOCK, SB# 262006
  E-Mail: Rachel.McClintock@dinsmore.com
SAIGE SHAW, SB# 325556
  E-Mail: Saige.Shaw@dinsmore.com
550 S. Hope Street, Suite 1765
Los Angeles, California 90071
Telephone: 213.335.7736

Attorneys for Defendant
WALMART INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| HERZOM PEREZ,<br><br>                    Plaintiff,<br><br>         vs.<br><br>WALMART, INC., a Delaware corporation; and DOES 1 TO 50, inclusive,<br><br>                    Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL**<br><br>Dept.: TBD<br>Judge: TBD<br>Complaint Filed: Nov. 21, 2024<br>Trial Date:        Not Yet Set |

Defendant WALMART INC. (hereinafter "Defendant"), by counsel and pursuant to 28 U.S.C. sections 1331, 1332, 1441, and 1446, hereby give notice of the removal of the above-styled action to this Court. In support of its Notice of Removal, Defendant states as follows:

## THE STATE COURT ACTION

1.     On November 21, 2024, Plaintiff Herzom Perez ("Plaintiff") filed a complaint against Defendant in the Superior Court of Ventura, California in the matter entitled *Herzom Perez v. Walmart, Inc,. and DOES 1-50,* Case No. 2024CUWT033611

(the "State Court Action"). (Declaration of Saige Shaw ["Shaw Decl."] ¶ 4; **Exhibit A** [Complaint]).

2.      While Defendant contends that the allegations in Plaintiff's Complaint lack merit, Plaintiff alleges the following causes of action against Defendant: (1) Disability Discrimination (Government Code § 12900 et seq.); (2) Wrongful Termination Against Public Policy (Government Code §§ 12940(a)); (3) Retaliatory Termination; (4) Failure to Accommodate in Violation of Cal. Govt. Code § 12940, et seq. (FEHA); (5) Failure to Engage in the Interactive Process in Violation of Cal.Govt. Code §§ 12940, et seq. (FEHA); and (6) Failure to Prevent Discrimination. (**Exhibit A**, at ¶¶ 1-65). Plaintiff's prayer for relief in his Complaint includes but is not limited to no less than: $10,000 for loss of past earnings; $30,000 for loss of future earnings; $25,000 for past emotional distress; and $100,000 for future emotional distress. (Shaw Decl., ¶ 4; **Exhibit A**.)

3.      On January 17, 2025, Defendant filed an Answer to the Complaint, preserving its affirmative defenses. (Shaw Decl. ¶ 12; **Exhibit G** [Answer]).

4.      In accordance with 28 U.S.C. § 1446(a), in addition to the Complaint (**Exhibit A**) and Answer (**Exhibit G**), the State Court Action contains the additional process, pleadings and orders: Civil Case Cover Sheet (Shaw Decl., ¶ 5; **Exhibit B**); Summons (Shaw Decl., ¶ 6; **Exhibit C**); Notice of Case Assignment (Shaw Decl., ¶ 8; **Exhibit D**); Notice of Case Assignment and Mandatory Appearance (Shaw Decl., ¶ 9; **Exhibit E**)**;** and Updated Summons on Complaint (Shaw Decl., ¶ 10; **Exhibit F**).

5.      To Defendant's knowledge, the pleadings, process and orders attached as **Exhibits A through I** constitute all process, pleadings, and orders filed in the State Court Action. *See* 28 U.S.C. § 1446(a).

6.      To the best of Defendant's knowledge, although fictitious "Doe" defendants are listed on the Complaint, no other defendants have been properly named or served with the Complaint. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

## REMOVAL PROCEDURES AND VENUE

7.     This Notice of Removal is filed within thirty (30) days of service of Plaintiff's Complaint, and is therefore timely filed in accordance with 28 U.S.C. § 1446(b)(3). Furthermore, this Notice of Removal is filed less than one (1) year from the commencement of this action pursuant to 28 U.S.C. § 1446(c)(1).

8.     In accordance with 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the filing of this Notice to Plaintiff.

9.     Pursuant to 28 U.S.C. § 1446(d), Defendant will also file a duplicate copy of this Notice with the Clerk of the Superior Court for Los Angeles, California.

10.     In accordance with 28 U.S.C. § 1446(b), venue is properly placed in the United States District Court for the Central District of California – Western Division because it is the district court for the district and division where the State Court Action is pending (Superior Court for the State of California, County of Ventura).

11.     Further, this action is not an action made non-removable by 28 U.S.C. § 1445(c).

## COMPLETE DIVERSITY OF CITIZENSHIP JURISDICTION

12.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, diversity jurisdiction, as this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

13.     Plaintiff is an individual domiciled in the state of California. (Shaw Decl., ¶ 4; **Exhibit A,** at ¶1.) Therefore, based on Plaintiff's Complaint, Plaintiff was and is a citizen of the State of California when this action was filed in state court, at the time of removal, and at all other times throughout the pendency of this case, and is therefore a citizen of California within the meaning of 28 U.S.C. § 1332.

14.     For the purposes of diversity jurisdiction, a corporation is considered a citizen of both the state in which it is incorporated and the state in which its principal place of business is located. Defendant is a corporation incorporated in the state of Delaware and maintains its principal places of business in the state of Arkansas.

3

**NOTICE OF REMOVAL**

Accordingly, Defendant is a citizen of the state of Delaware and the state of Arkansas. (Shaw Decl., at ℙ 12 and 15; **Exhibit H.**)

15. In determining whether a civil action is removable on the basis of jurisdiction arising under 28 U.S.C. § 1332, the citizenship of defendant sued under fictitious names, such as John Doe, is disregarded. See U.S.C. § 1332(b)(1).

16. Based on the foregoing paragraphs, the requirement of complete diversity of citizenship is satisfied in this case.

## AMOUNT IN CONTROVERSY

17. When a complaint filed in state court "alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." (*Id.; see also* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy," except in limited situations); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) (stating that when a complaint pleads more than the jurisdictional amount, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith" and that "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."). In order to justify dismissal, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Naffe v. Frey, 789 F.3d 1030, 1040 (9th Cir. 2015).* "The district court must accept the amount in controversy claimed by the plaintiff unless it can declare to a legal certainty that the case is worth less." *Id.*

18. Here, Plaintiff's Complaint alleges several specific dollar figures which includes no less than: $10,000 for loss of past earnings; $30,000 for loss of future earnings; $25,000 for past emotional distress; and $100,000 for future emotional distress. (Shaw Decl., ¶ 4; **Exhibit A,** pg. 12.). As such, Plaintiff's Complaint alleges

no less than $165,000 damages in his prayer for relief (*Id*.). Notably, this amount does not include attorneys' fees and costs, nor punitive damages (*Id*.) Accordingly, Plaintiff's alleged sum appears to be made in good faith and it does not appear to a legal certainty that Plaintiff's claims are for less than the jurisdictional amount. As a result, the amount in controversy has been satisfied solely based on the allegations and no further inquiry is needed as to this requisite.

19.    However, even if further inquiry into the requisite amount controversy is needed the amount in controversy is met where the defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1446(c)(2); *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003). Here, Plaintiff seeks, *inter alia*, general and special damages, punitive damages, and interest on all amounts due and unpaid, and attorneys' fees and costs reasonably incurred. (Shaw Decl., ¶ 4; **Exhibit A,** ¶¶ 22-23, ¶¶ 29-30, ¶¶ 36-37, ¶¶ 43-45, ¶¶ 50-53, ¶¶ 58-60.)

20.    Plaintiff alleges his last day of employment was October 10, 2024, however, his termination took place on September 29, 2024. (*See* **Exhibit A,** ¶ 15; Shaw Decl., ¶ 13.) Accordingly, he has been out of work for over three (3) months as of the time this Notice of Removal is filed. In addition, binding precedent counsels against considering affirmative defenses such as mitigation in determining the amount in controversy. *See Greene v. Harley-Davidson*, 965 F.3d 767, 774 (9th Cir. 2020) ("The district court erred in considering the merits of ... affirmative defense to determine the amount in controversy."); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) ("[T]he amount in controversy reflects the maximum recovery the plaintiff could reasonably recover."); *Geographic Expeditions, Inc. v. Est. of Lhotka ex. rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010) ("[J]ust because a defendant might have a valid defense that will reduce recovery to below the jurisdictional amount does not mean the defendant will ultimately prevail on that defense."). Plaintiff was a hourly, non-exempt employee that earned $18.50 per hour and worked 80 hours per pay period

5
**NOTICE OF REMOVAL**

at the time of his termination. (Shaw Decl., ¶ 15.) As a result, Plaintiff's back pay to date could be as high as $8,880.00 alone ($18.50 x 80 hours x 6 pay periods).

21.     Furthermore, Plaintiff also seeks future lost wages in the form of future earnings. (**Exhibit A**, at pg. 12.) The calculation of the amount in controversy as of the date of removal must include Plaintiff's lost earnings between the date of removal and an estimated date of trial. The Ninth Circuit has since made clear that the amount in controversy is the "'amount at stake in the underlying litigation,'" and that, "[i]f a plaintiff claims at the time of removal that her termination caused her to lose future wages, and if the law entitles her to recoup those future wages if she prevails, then there is no question that future wages are 'at stake' in the litigation, whatever the likelihood that she will actually recover them." *Chavez v. JPMorgan Chase & Co*., 888 F.3d 413, 417 (9th Cir. 2018), citing *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016). Since *Chavez*, district courts consistently have included as part of the amount in controversy future wages up to the expected date of trial in the action. See, e.g., *Thayer v. Securitas Sec. Servs. USA*, No. 2:20-CV-10350 ODW (MRWx), 2021 U.S. Dist. LEXIS 66845, at *5 (C.D. Cal. Apr. 6, 2021), citing *Chavez*, 888 F.3d at 417. Here, a trial date has not been set. A projected future trial date within a year of removal has been adopted by the Central District before. See *Calhoun v. Consol. Disposal Serv., LLC*, No. CV 19-2315-MWF (MRWx), 2019 U.S. Dist. LEXIS 102794, at *9-10 (C.D. Cal. June 18, 2019).[1] As such, if one assumes this case is tried to verdict within one year of removal, then there is at least an additional 52 weeks of future lost wages at issue, or an additional $38,480.00 based on Defendant's calculation.

22.     Plaintiff has specifically stated the amount of non-economic damages in his Complaint is no less than $125,000.00. (**Exhibit A**, at pg. 12.) Courts in the Central District have regularly found it appropriate to apply a 1:1 ratio of emotional distress

---

[1] See also *Velez-Guerra v. Crescent Hotels & Resorts, LLC*, No. CV 20-6861-DMG (PJWx), 2020 U.S. Dist. LEXIS 233510, at *6 (C.D. Cal. Dec. 11, 2020).

damages relative to economic damages for purposes of calculating the amount in controversy requirement. *See Cotoc v. Dolex Dollar Express, Inc.*, 2021 U.S. Dist. LEXIS 161240, at * 15-16 (C.D. Cal. August 25, 2021) (applying a 1:1 ratio for non-economic damages for calculating amount in controversy in an employment action); *Cuevas v. Lowes Home Ctrs., LLC*, 2020 U.S. Dist. LEXIS 206629, at *14 (C.D. Cal. Aug. 5, 2020) (same); *Garfias v. Team Indus. Servs., Inc.*, 2017 U.S. Dist LEXIS 167370, at *12 (C.D. Cal. Oct. 10, 2017) (same).  Although Plaintiff specifically alleges the amount of non-economic damages in his Complaint, Plaintiff's total non-economic damages may also be calculated at $47,360.00 for purposes of determining the amount in controversy requirement. Therefore, a calculation of lost wages and earnings coupled with Plaintiff's purported emotional distress totals to $94,720.00.

23.    While Defendant disputes punitive damages are warranted, Plaintiff also seeks punitive damages. (Shaw Decl., ¶ 4; **Exhibits A**.) While there is no maximum sum, punitive damages typically range from one to four times the amount of actual damages. *See Perez v. CarMax Auto Superstores Cal., LLC*, 2014 U.S. Dist. LEXIS 11130, at * 4-5 (S.D. Cal. Jan. 28, 2014) (citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003)). As such, Plaintiff's general damages, special damages, and punitive damages exceed the amount in controversy requirements.

24.    Additionally, Plaintiff also requests attorneys' fees and costs of suit. (Shaw Decl., ¶ 4, **Exhibit A, ¶ 45, ¶ 52, ¶ 60**.) Where the law entitles a plaintiff to recover reasonable attorney fees, "a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy." *See Brady v. Mercedez-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002). Notably, this includes future attorneys' fees. *See Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 795 (9th Cir. 2018).

25.    Accordingly, based on the significant and varied alleged sources of damages above and the additional evidence demonstrating that the requisite amount in controversy has been satisfied, Defendant asserts in good faith that the total amount "at

stake" for Plaintiff's claims exceeds $75,000.00.

26.     Consequently, this Court has original diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and this matter may be removed by Defendant pursuant to 28 U.S.C. § 1441(a).

## RESERVATION OF RIGHTS

27.     Defendant denies the allegations contained in Plaintiff's Complaint. Defendant files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in their favor in either state or federal court.

28.     Further, in making the assertions in this Notice of Removal, Defendant does not concede in any way that Plaintiff has alleged causes of action upon which relief can be granted, that the allegations or inferences drawn therefrom are accurate, or that Plaintiff is entitled to recover any amounts sought.

29.     Defendant further reserves the right to amend or supplement this Notice of Removal as appropriate.

WHEREFORE, Defendant respectfully requests that this action be removed to the United States District Court for the Central District of California, Western Division, and the Superior Court of Ventura County proceed no further with respect to this action.

DATED: January 17, 2025                DINSMORE & SHOHL, LLP

By: _____
RACHEL L. McCLINTOCK
SAIGE SHAW
Attorneys for Defendant WALMART INC.

8
**NOTICE OF REMOVAL**